UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4314

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL DANTE RICE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-02-153)

Submitted: November 19, 2003      Decided: February 23, 2004

Before WIDENER, WILKINSON, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Sandra J. Hairston, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nathaniel Dante Rice appeals his conviction for possession with intent to distribute seven grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g), 924(a) (2000).

On appeal, Rice first contends that the district court erred in applying the good faith exception to a search conducted pursuant to a defective search warrant. A district court's determination of probable cause under the Fourth Amendment is an issue of law, and is therefore reviewed de novo. United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). After careful review of the record, we conclude that the district court properly applied the good faith exception. Id.

Rice also contends that his statement was admitted at trial in violation of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Even if Rice's statement was admitted in error, based on the evidence presented at trial, we conclude that any error was harmless. See United States v. Mobley, 40 F.3d 688, 694 (4th Cir. 1994).

Finally, Rice seeks to assert the defense of estoppel by entrapment as to his conviction under § 922(g). However, as Rice recognizes, this argument is squarely foreclosed by our decision in United States v. Etheridge, 932 F.2d 318 (4th Cir. 1991).

Accordingly, we affirm Rice's conviction. We deny Rice's motion for new counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED